OPINION OF THE COURT
Renee R. Roth, S.
At issue in each of the applications for letters of administration in the estates of Ralph E. Bodek and Irene R. Dossie is *443 whether the cost of the surety bond filed by the fiduciary may be charged solely against the shares of the distributees who did not consent to dispensing with such a bond. Since, as discussed below, the equities militate toward such exemption of the other distributive shares, the question is whether under the applicable statutes governing surety bonds (SCPA 805; EPTL 11-1.1 [b] [22]) the court has authority to issue an order directing such exemption. There appears to be no judicial comment on this issue.
In the case of the Bodek estate, decedent was survived by a brother and 11 adult children of four predeceased brothers. Only one of the distributees has not executed a consent waiving the filing of a bond by the administrator (a nephew of decedent). The administrator has been directed by decree to file such a bond (SCPA 805) to protect the share of the one nonconsenting distributee.
Similarly, in the case of the Dossie estate, decedent was survived by her husband and eight adult children, all but one of whom have executed consents waiving the filing of a surety bond by the administratrix d.b.n. (a daughter of decedent). The administratrix in this case also has been directed to file a bond in the amount of the share of the nonconsenting distributee.
It is noted that, under the signed waivers and consents filed in both these estates, the consenting distributees have expressly released any claims that they might otherwise have had under a bond. In other words, in each estate, if the bondsman ultimately is required to compensate for a loss suffered as a result of some breach of duty by the fiduciary, only the nonconsenting distributee will benefit. Obviously, no bond would be required if there was no nonconsenting distributee. In terms of fairness, therefore, it appears to be clear that the nonconsenting distributee should bear the entire cost of the protection that he alone receives from the purchase of the bond.
Nonetheless, as observed above, surety bonds relating to decedents’ estates are governed by statutes, and there may be no such allocation if it is forbidden by such statutes.
Article 8 of the Surrogate’s Court Procedure Act is devoted exclusively to the subject of surety bonds. Its provisions establish standards under which such a bond may be required (and its amount fixed) in order to safeguard the interests of persons having a stake in an estate, i.e., creditors and beneficiaries.
The specific statute (SCPA 805) governing bond requirements in the case of intestate estates (as here) provides that the court *444 may reduce or dispense with a bond to the extent that the distributees consent (unless there are creditors who require protection). Such statute does not, however, identify or imply the source of payment of the premium when a bond is required.
The only other statutory reference to surety bonds in relation to estates appears in section 11-1.1 (b) (22) of the EPTL, but such provision merely authorizes a fiduciary to defray the cost of such a bond from “the property of the estate.” The legislative history of such statute appears to have bearing on the specific issue now before the court in only one respect. It is noted that correspondence from a sponsor of the omnibus legislation which included section 11-1.1 (b) (22) contained the observation that “[inasmuch as the surrogate has jurisdiction over the administration of the estate all of these matters are within his control” (letter from Counsel for Temp St Commn on Estates, Mar. 29, 1966, Bill Jacket, L 1966, ch 952). Such observation suggests an understanding on the part of the bill’s supporters that payment of estate expenses was to be subject at all times to the court’s exercise of its jurisdiction “to make a full, equitable and complete disposition of the matter ... as justice requires” (SCPA 201 [3]).
Based upon the absence of any contrary indication from the statute or its legislative history, there appears to be nothing to prevent the court from allocating the cost of the surety bonds in accordance with the equities. Accordingly, the fiduciary of each estate is directed to charge the premium of the surety bond filed in this court against the share of the nonconsenting distributee whose share is protected by such bond. It is noted that there is no present need to determine whether the result would be different if the nonconsenting distributee was a person under disability.